AMY L. NASHON (SBN 316353)
Email: anashon@troygould.com
BENJAMIN W. CLEMENTS (SBN 299126)
Email: bclements@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone: (310) 553-4441
Facsimile: (310) 201-4746

Attorneys for Plaintiff
JB BROTHERS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JB BROTHERS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>POKE BAR GA JOHNS CREEK I, LLC, a Georgia limited liability company; POKE BAR ATHENS, LLC, a Georgia limited liability company; POKE BAR GA ROSWELL KROGER LLC, a Georgia limited liability company; HYE MIN SHIN CHOI, an individual; and, POKE BAR GA SUWANEE LLC, a Georgia limited liability,<br><br>Defendants. | Case No. 2:21-cv-01405-CBM-(MRWx)<br>(Consolidated with Case Nos.<br>2:21-cv-01403-CMB-MRW<br>2:21-cv-01434-CMB-MRW<br>2:21-cv-01436-CMB-MRW)<br><br>CONSENT JUDGMENT AND<br>PERMANENT INJUNCTION  [74]<br><br>Assigned for All Purposes To:<br>Hon. Consuelo B. Marshall<br><br>Complaint Filed: February 16, 2021<br>Trial Date: March 21, 2023 |

WHEREAS, this action was commenced on February 17, 2021 by filing of the Summons and Complaint;

WHEREAS, in the Complaint, Plaintiff JB Brothers, Inc. ("Plaintiff") seeks injunctive relief and monetary damages against Defendant Poke Bar Roswell Kroger, LLC for infringement of Plaintiff's famous federally-registered trademark under Section 32 of the Lanham Act, 15 U.S.C. section 1141, for trade dress infringement under Section 43 of the Lanham Act, 15 U.S.C. section 1125, for unfair competition under Section 43 of the Lanham Act, 15 U.S.C. section 1125, and for substantial and related claims of breach of contract, common law infringement, and unfair business practices under the statutory and common laws of the State of California.

WHEREAS, Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, it is HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. section 1391(b).

3. Plaintiff is the owner of valid and subsisting United States Service Marks bearing Registration Nos. 5,006,193 and 5,163, 142 (the "Marks").

4. Plaintiff has used the Marks in commerce continuously since 2015 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of goods.

5. As a result of its widespread, continuous, and exclusive use of the Marks to identify its goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Marks.

6. Plaintiff's Marks are distinctive to both the consuming public and Plaintiff's trade.

7. As a result of Plaintiff's expenditures and efforts, the Marks have come to signify the high quality of the goods designated by the Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

8. As a result of its distinctiveness and widespread use and promotion throughout the United States, Plaintiff's Marks are a famous trademark within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. section 1125(c).

9. The Parties entered into a Franchise Agreement whereby Plaintiff granted Defendant a license to use Plaintiff's Marks. Defendant thereafter breached the Franchise Agreement and Plaintiff served Defendant with a Notice of Termination on or about November 18, 2020, demanding that Defendant cease using the Marks.

10. Despite the Notice of Termination, Defendant continued using the Marks in U.S. commerce without Plaintiff's authorization.

11. Defendant's acts caused confusion, mistake and deception amount the relevant consuming public as to the source or origin of Defendant's goods and deceived the relevant consuming public into believing, mistakenly, that Defendant's goods originated from, were associated or affiliated with, or otherwise were authorized by Plaintiff.

12. The foregoing conduct by Defendant constitutes infringement of Plaintiff's famous federally-registered trademark under Section 32 of the Lanham Act, 15 U.S.C. section 1141, trade dress infringement under Section 43 of the Lanham Act, 15 U.S.C. section 1125, unfair competition under Section 43 of the Lanham Act, 15 U.S.C. section 1125, and breach of contract, common law infringement, and unfair business practices under the statutory and common laws of the State of California. The Court hereby entered judgment against Defendant on these claims.

13. As a direct and proximate result of the Defendant's conduct alleged herein, Plaintiff has sustained substantial, immediate and irreparable injury, and is entitled to damages and an injunction pursuant to 15 U.S.C. sections 1116-17.

14. Defendant hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

15. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

16. Defendant, together with all of Defendant's officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant are permanently enjoined and restrained from directly or indirectly:

    (a) Selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise, or promote any goods bearing the Marks, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks;

    (b) Engaging in any activity that infringes Plaintiff's rights in its Marks;

    (c) Engaging in any activity constituting unfair competition with Plaintiff;

    (d) Engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's Marks;

    (e) Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, or otherwise connected with Plaintiff;

    (f) Using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words,

symbols, or trade dress that falsely associate such business, goods, and/or services with Plaintiff or tend to do so;

   (g) Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Marks or any other mark that infringes or is likely to be confused with Plaintiff's Marks, or any goods or services of Plaintiff, or Plaintiff as their source; and,

   (h) Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph (a) through paragraph (g) above.

  17. Defendant shall pay Plaintiff as damages for the conduct set forth in Paragraph 12 above the total of sum of Two Hundred and Fifty Thousand Dollars ($250,000.00).

  18. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.  This Consent Judgment and Permanent Injunction may be enforced in its entirety against Hye Min Shin Choi under the Personal Guaranty executed by her guaranteeing the obligations of Defendant under the Franchise Agreement.

  19. If Defendant is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the Parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorney's fees, costs, and any other relief deemed proper in the event of such violation.

  20. This Court retains jurisdiction of this matter for the sole purpose of enforcing the terms of this Consent Judgment and Permanent Injunction.

21. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

IT IS SO ORDERED.

Dated: JANUARY 9, 2023

_____
Honorable Consuelo Marshall
United States District Judge

CONSENTED TO:

Dated:                           JB BROTHERS, INC.
Los Angeles, CA

_____
Yoon Ju
Chief Executive Officer

Dated:                           POKE BAR ROSWELL KROGER, LLC
Atlanta, GA

_____
Hye Min Shin Choi
Managing Member

APPROVED AS TO FORM AND CONTENT:

Dated:                          TROYGOULD PC

By: _____
     Amy L. Nashon
Attorneys for JB Brothers, Inc.

Dated:                          LAW OFFICES OF YOHAN LEE

By: _____
     Yohan Lee
Attorneys for Poke Bar Roswell Kroger, LLC

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1801 Century Park East, 16th Floor, Los Angeles, CA 90067-2367.

On January 9, 2023, I served the within document(s) described as:

CONSENT JUDGMENT AND PERMANENT INJUNCTION

on the interested parties in this action as stated below:

YOHAN LEE, ESQ.
LAW OFFICES OF YOHAN LEE
5681 Beach Boulevard, Suite 200
Buena Park, California

FAX: (714) 523-7100

E-MAIL: ylee@yleelaw.com

☐ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 9, 2023, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Rachel Hamilton | |
|---|---|
| (Type or print name) | (Signature) |

TroyGould PC

PROOF OF SERVICE

04381-0002  4894-0536-7366.1